UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASONS CONSTRUCTION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOREY C. CLARK, )<br>)<br>Defendant. ) | No. 1:16-cv-02866-TWP-DML |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of Defendant Morey C. Clark. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Complaint alleges that "Defendant, Morey C. Clark ("Morey Clark" or "Clark"), is a natural person who, on information and belief, is a resident of Rutland, Vermont, and maintains a place of business at 140 North Main Street, in Rutland, Vermont." (Filing No. 1 at 1.) This allegation of residency, not citizenship, made upon information and belief is not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of Defendant Morey C. Clark. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 10/27/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cornelius J. Harrington, III
LITCHFIELD CAVO LLP
harrington@litchfieldcavo.com

2